UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SECURITIES AND EXCHANGE
COMMISSION,

              Plaintiff,

     v.

ONE OR MORE UNKNOWN PURCHASERS
OF CALL OPTIONS FOR THE COMMON
STOCK OF DRS TECHNOLOGIES, INC.
AND AMERICAN POWER CONVERSION
CORP.,

              Defendant.

---

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/25/08

Civil Action No. 08 CV 6609 (UA)

---

### TEMPORARY RESTRAINING ORDER FREEZING ASSETS AND GRANTING OTHER RELIEF AND ORDER TO SHOW CAUSE WHY THE ASSET FREEZE SHOULD NOT CONTINUE

On the application of Plaintiff Securities and Exchange Commission ("Commission") for an *ex parte* Order: (1) freezing assets; (2) requiring identification; (3) requiring repatriation of assets; (4) preventing document alteration or destruction; (5) expediting discovery in this action; (6) providing for alternative service; and (7) requiring defendants to show cause why the Court should not issue a Preliminary Injunction and impose other relief against them:

The Court, having considered the Complaint in this action; the Declarations of Kevin Guerrero and Ilana Sultan, a letter from the Swiss Federal Banking Commission and the Memorandum of Points and Authorities in support of the Motion for Temporary Restraining Order, makes the following findings:

    1.    This Court has jurisdiction over the subject matter of this action and over defendant.

2.       The Commission has made a sufficient and proper showing in support of the relief granted herein, as required by Section 21(d) of the Securities Exchange Act of 1934 (15 U.S.C. § 78u(d)) by evidence establishing a *prima facie* case and a strong likelihood that the Commission will prevail at trial on the merits and that the defendant, directly or indirectly, has engaged in and, unless restrained and enjoined by order of this Court, will continue to engage in acts, practices, and courses of business constituting violations of Section 10(b) of the Securities Exchange Act of 1934 (15 U.S.C. § 78j(b)), and Rule 10b-5 (17 C.F.R. § 240.10b-5).

3.       There is good cause to believe that, unless restrained and enjoined by order of this Court, defendants will dissipate, conceal, or transfer from the jurisdiction of this Court assets which could be subject to an order directing disgorgement or the payment of civil money penalties in this action. It is appropriate for the Court to issue this Temporary Restraining Order *ex parte* so that prompt service on appropriate financial institutions can be made, thus preventing the dissipation of assets.

4.       There is good cause to believe that, unless restrained and enjoined by order of this Court, defendant may alter or destroy documents relevant to this action.

Now, therefore,

### I.

IT IS HEREBY ORDERED that, pending the determination of the Commission's Motion for a Preliminary Injunction or hearing on the merits:

A.       Defendants and their agents, servants, employees, attorneys-in-fact, and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise (including without limitation, UBS Securities LLC and UBS AG Zurich), and each of them, hold and retain within their control, and otherwise prevent any

disposition, transfer, pledge, encumbrance, assignment, dissipation, concealment, or other disposal whatsoever of any of their funds or other assets or things of value presently held by them, under their control or over which they exercise actual or apparent investment or other authority, in whatever form such assets may presently exist including, but not limited to:

    (1) Proceeds from the sale of 1,600 APCC call options purchased on September 21, 2006 through an omnibus account known as UBSL A/C Exchange Traded Derivative Account # 452-6020300 maintained by UBS AG of Zurich, Switzerland ("UBS Omnibus Account");

    (2) Proceeds from the sale of 800 APCC call options purchased on September 22, 2006 through the UBS Omnibus Account;

    (3) Proceeds from the sale of 350 APCC call options purchased on October 10, 2006 through the UBS Omnibus Account;

    (4) Proceeds from the sale of 80 APCC call options purchased on October 20, 2006 through the UBS Omnibus Account;

    (5) Proceeds from the sale of 550 DRS call options purchased on April 29, 2008 through the UBS Omnibus Account;

    (6) Proceeds from the sale of 170 DRS call options purchased on May 5, 2008 through the UBS Omnibus Account;

    (7) Proceeds from the sale of 170 DRS call options purchased on May 6, 2008 through the UBS Omnibus Account;

    (8) Proceeds from the sale of 930 DRS call options purchased on May 7, 2008 through the UBS Omnibus Account;

    B. That any financial or brokerage institution or other person or entity and holding any funds or other assets in the name of, for the benefit of, or under the control of defendants, their agents, servants, employees, attorneys-in-fact, and those persons in active concert or participation with them, and each of them, shall hold and retain within their control and prohibit the withdrawal, removal, transfer or other disposal of any such funds or other assets except as otherwise ordered by this Court. Necessary and reasonable living expenses will be granted to defendants upon

good cause shown by application to the Court with notice to and an opportunity for the Commission to be heard;

## II.

IT IS HEREBY FURTHER ORDERED that, each defendant shall submit in writing to this Court and Plaintiff Commission within two (2) business days following service of this Order, the following identify information:

 (A) all names by which each defendant is known, all business and residence addresses, postal box numbers, telephone numbers, and facsimile numbers, e-mail addresses and the nationality of defendant; and

 (B) each account with any financial institution or brokerage firm maintained in defendant's name or held for defendant's direct or indirect beneficial interest from September 1, 2006 through the present, including, but not limited to, each account through which each defendant directed securities transactions since September 1, 2006, or in which proceeds from such transactions were held.

## III.

IT IS HEREBY FURTHER ORDERED that, within ~~72 hours~~ *3 business days* [AKB] of notice of the entry of this Order, each defendant shall repatriate all assets obtained from the activities described in the Commission's Complaint that are now located outside the territorial limits of the United States, and that each defendant direct the return of such assets to the Registry of the Court, pending conclusion of this matter.

IV.

IT IS HEREBY FURTHER ORDERED that, defendants and his agents, servants, employees, attorneys-in-fact, and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, and each of them, are hereby restrained from destroying, mutilating, concealing, altering, or disposing of any document referring or relating in any manner to any transactions described in the Commission's complaint in this action. As used in this order, "document" means the original and all non-identical copies (whether non-identical because of handwritten notation or otherwise) of all written or graphic matter, however produced, and any other tangible record, or electronic data compilation capable of reproduction in tangible form, including, without limitation, correspondence, memoranda, minutes, telephone records, e-mails, reports, studies, telexes, diaries, calendar entries, contracts, letters of agreement, and including any and all existing drafts of all documents.

V.

A. IT IS HEREBY FURTHER ORDERED that, pursuant to Rule 4 of the Federal Rules of Civil Procedure, service of all pleadings and other papers, including the Summons, the Complaint, this Order and all documents filed in support thereof, and all other documents to be served in this action, may be made by serving such documents on any of the following agents of defendants: UBS Securities LLC, or UBS AG Zurich, Switzerland and any of their respective affiliates, successors in interest and assigns, [handwritten: those entities having been acting as securities brokers for individual principals]. [handwritten initials]

B. IT IS HEREBY FURTHER ORDERED that, pursuant to Rule 4 of the Federal Rules of Civil Procedure, service of all pleadings and other papers, including the Summons, the Complaint, this Order and all documents filed in support thereof, and all other documents to be served in this action, may be made personally, by facsimile, by overnight courier, or by mail upon

5

each defendant, his attorney, his U.S. agents or his foreign agents identified in the prior subparagraph to the extent permitted by law, or by an alternative provision for service permitted by Rule 4 of the Federal Rules of Civil Procedure, or as this Court may direct by further order.

## VI.

IT IS HEREBY FURTHER ORDERED that, the Commission's application for expedited discovery concerning defendants, their assets and activities, is granted and that, commencing with the time and date of this Order, in lieu of the time periods, notice provisions, and other requirements of Rules 26, 30, 33, 34, 36 and 45 of the Federal Rules of Civil Procedure, and Rule 30.1A of the Local Rules of this Court, discovery shall proceed as follows:

(A)    Pursuant to Rule 30(a) of the Federal Rules of Civil Procedure, the Commission may take depositions upon oral examination on two days notice of any such deposition. Depositions may be taken ~~Monday through Saturday.~~ As to each defendant and his agents, servants, employees, brokers and associates, the Commission may depose such witnesses after serving a deposition notice by facsimile, hand or overnight courier upon such individuals, and without serving a subpoena on such witness. Depositions which have not been signed by the witness may be used for purposes of the hearing on plaintiff Commission's application for a preliminary injunction;

(B)    Pursuant to Rule 33(a) of the Federal Rules of Civil Procedure, each defendant shall answer the Commission's interrogatories within three days of service of such interrogatories upon defendant;

(C)    Pursuant to Rule 34(b) of the Federal Rules of Civil Procedure, each defendant shall produce all documents requested by the Commission within three days of service of such

request, with production of the documents made to Jeffery T. Infelise, U.S. Securities & Exchange Commission, or such other person or place as counsel for the Commission may direct in writing;

(D)    Pursuant to Rule 36(a) of the Federal Rules of Civil Procedure, each defendant shall respond to the Commission's requests for admissions within three days of such requests; and

(E)    All written responses to the Commission's requests for discovery under the Federal Rules of Civil Procedure shall be delivered by hand or overnight courier to the Commission to the attention of Jeffery T. Infelise, or such other place and person as counsel for the Commission may direct in writing.

## VII.

IT IS HEREBY FURTHER ORDERED, that this Order shall be, and is, binding upon each defendant, and each of his agents, servants, employees, attorneys-in-fact, and those persons in active concert or participation with him who receive actual notice of this Order by personal service, facsimile service, or service in accordance with Section V of this Order, or otherwise.

## VIII.

IT IS HEREBY FURTHER ORDERED, that each defendant or his attorneys shall appear before this Court at 10:00 o'clock, a.m., on the 5 day of August, 2008, in Room 20 C (Judge Crotty) of the United States Courthouse, New York, New York, or as soon thereafter as he can be heard, and in any event prior to the expiration of this Order, to show cause, if any exists, why this Court should not enter a preliminary injunction extending the asset freeze granted in this Order until a final adjudication on the merits may be had. Defendants shall serve any papers in opposition to such relief by hand delivery or overnight courier service to the Commission's counsel, Jeffery T. Infelise, Assistant Chief Litigation Counsel, Securities and Exchange Commission, 100 F Street, NE, Mail Stop 4010, Washington, DC, 20549, or via email to infelisej@sec.gov, no later than three full business days before such hearing. The Commission may serve and file a reply no later than 24 hours before the hearing, and shall serve such reply brief, if any, on each defendant or his attorney by facsimile transmission, email,

courier service, or other means as the Commission may reasonably determine will give defendants or their attorneys prompt delivery of these papers.

IX.

~~IT IS FURTHER ORDERED that the Court shall retain jurisdiction of this matter for all purposes.~~ *not*

✓ Dated this 25 day of July, 2008.
1:15 pm.

_____
UNITED STATES DISTRICT JUDGE