**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

_____

|   |   |   |
|---|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| v. | : | Civil Action No. 08-6609 |
| | : | |
| **ONE OR MORE UNKNOWN PURCHASERS OF CALL OPTIONS FOR THE COMMON STOCK OF DRS TECHNOLOGIES, INC. AND AMERICAN POWER CONVERSION CORP.,** | : | |
| | : | |
| **Defendant.** | : | |

_____

**PLAINTIFF SECURITIES AND EXCHANGE COMMISSION'S**
**MEMORANDUM IN SUPPORT OF APPLICATION FOR**
**EXTENSION OF TEMPORARY ORDER FREEZING ASSETS**
**<u>AND GRANTING OTHER RELIEF</u>**

Plaintiff, the Securities and Exchange Commission (the "Commission"), respectfully submits this memorandum in support of its request for a ten-day extension, until August 15, 2008, of the temporary restraining order ("TRO") issued on July 25, 2008. The Commission seeks to extend the TRO instead of moving for a preliminary injunction, and requests that this application be heard on or before August 5, 2008, *in lieu* of the show cause hearing scheduled for 10:00 a.m. on that date.

Extension of the TRO for an additional ten days is necessary to preserve the status quo while the Commission continues its efforts to identify the defendants and confirm that notice of the show cause hearing has been provided to them. As set forth in this memorandum and in the papers filed with the Commission's original application for preliminary relief, this case involves purchases of call option contracts for the common

stock of DRS Technologies, Inc. ("DRS") and American Power Conversion Corp. ("APCC") made through an account at UBS AG in Zurich, Switzerland ("UBS AG Zurich"), by one or more unknown purchasers ("Unknown Purchaser") in advance of public disclosures and announcements relating to the ultimate acquisitions the companies. When these public disclosures were made, Unknown Purchaser liquidated his call options holdings, realizing approximately $3.3 million in illicit profits. The assets associated with these transactions are presently being held in an account at UBS AG in Zurich, Switzerland, pursuant to the TRO issued on July 25, 2008, and pursuant to a request by the United States Department of Justice under the Treaty between the United States and Switzerland on Mutual Assistance in Criminal Matters ("MLAT"). Following entry of the TRO, the Commission immediately engaged in extensive efforts to determine the identity of the Unknown Purchaser; notify Unknown Purchaser of the TRO and pending show cause hearing, and serve the Commission's complaint. Despite these efforts, which are still ongoing and described below, the Commission has not been able to discover the identity of Unknown Purchaser or confirm that Unknown Purchaser has received notice of the TRO and show cause hearing.

On July 28, 2008, pursuant to the MLAT, the United States Department of Justice, at the request of the Office of International Affairs ("OIA"), transmitted a request to Swiss Division of International Legal Assistance ("SDIA") for an emergency freeze of funds at UBS AG Zurich which represent the assets associated with the insider trading by Unknown Purchaser. The MLAT request included a description of this litigation and the actions taken by this Court in the litigation. Enclosed with the MLAT request was a copy of the TRO issued by the Court on July 25, 2008. The United States Department of

Justice has informed OIA that the Swiss authorities will deliver a copy of the MLAT request to the Unknown Purchaser in this case. Declaration of Alberto A. Arevalo ("Arevalo Decl.") ¶ 6.

On July 28, 2008, the Commission also transmitted the Court's TRO and related pleadings to UBS Securities LLC, and requested that the TRO and related pleadings be provided to the Unknown Purchaser. Second Declaration of Kevin Guerrero ("Guerrero Decl.") ¶7 and Exh. 1 thereto. On July 30, 2008, the Commission received confirmation from UBS Securities LLC that the TRO and related documents were sent, via e-mail, to the compliance officer at UBS AG Zurich. Guerrero Decl. ¶7 and Exh. 2 thereto. However, UBS Securities did not indicate whether the TRO and other pleadings had been provided to Unknown Purchaser. UBS Securities LLC further stated that the identities of the customers behind the trades placed by UBS AG Zurich were not known to it. Id.

On July 29, 2008, OIA asked SDIA, through the United States Department of Justice, to tell the Commission when the MLAT request to freeze assets would take effect. On July 30, 2008, OIA received notice that the SDIA had, on that same day, issued its order to freeze the accounts of Unknown Purchaser at UBS AG Zurich. However, the Swiss authorities were unable to say when UBS AG Zurich would inform the Unknown Purchaser that it had frozen the accounts. Based upon past OIA experience, it was anticipated that the bank would notify Unknown Purchaser soon after receipt of the SDIA freeze order. Arevalo Decl. ¶ 8.

On July 30, 2008, OIA asked the Swiss Federal Banking Commission ("SFBC") to determine whether the TRO and complaint which OIA had sent to the SFBC on July 28, 2008, had, in turn, been provided to UBS AG Zurich, and whether that bank had

3

provided those pleadings to Unknown Purchaser.  OIA also asked the SFBC to contact the compliance officer at UBS AG Zurich and ask him to contact Commission staff to discuss this matter.  In addition, OIA informed the SFBC that the Court's TRO authorized service upon the Unknown Purchaser through UBS AG Zurich.  Arevalo Decl. ¶ 9.

On July 31, 2008, the SFBC asked OIA to send it the court pleadings in response to OIA's request for SFBC to deliver the TRO, complaint and all related pleadings to Unknown Purchaser and UBS AG.  A copy of the TRO, the complaint, summons and all other related pleadings were transmitted to the SFBC, via e-mail and by International Federal Express, on July 31, 2008.  As of the date of this declaration, the Commission has not received confirmation that these documents were delivered to UBS AG Zurich or Unknown Purchaser.  Arevalo Decl. ¶ 10.

The SFBC has advised the Commission that the principal Unknown Purchaser does not reside in Switzerland.  Swiss law does allow the SFBC to release complete identifying information about Unknown Purchaser to the Commission under the circumstances of this case.  However, Swiss law provides that any individual or entity to be identified has the right to challenge the SFBC's proposed disclosure.  If Unknown Purchaser does file an objection, disclosure of identifying information could be delayed for as long as six months, even if the disclosure is ultimately allowed.  Through its MLAT request, the Commission, however, also requested the SDIA to obtain the identity, address and other identifying information about Unknown Purchaser.  Arevalo Decl. ¶ 11.

Also, on July 31, 2008, the Commission served the summons and complaint upon UBS Securities LLC, and requested that it forward these pleadings to Unknown Purchaser. Guerrero Decl. ¶13 and Exh. 4 thereto. Additionally, on that date, the Commission began the process of translating all of the pleadings, including the Court's TRO, into German so they can be served upon UBS AG Zurich in accordance with the provisions of the Hague Convention on the Service Abroad of Judicial and Extra Judicial Documents in Civil and Commercial Matters. It is anticipated that this process will require approximately two weeks to complete, at which time the documents will be forwarded for service in accordance with the provisions of the Hague Convention. Guerrero Decl. ¶8-12 and Exh. 3 thereto; Arevalo Decl. ¶ 11.

The Commission has employed every means authorized by the TRO and all available means under international law to identify Unknown Purchaser and provide notice of the TRO and pending show cause hearing. Notwithstanding the Commission's aggressive and comprehensive efforts described above, the Commission has not yet been able to determine the identity of Unknown Purchaser or confirm that Unknown Purchaser has received notice of the TRO and the pending show cause proceeding. Because Unknown Purchaser has not yet been identified, the Commission is unable to provide direct notification of this application. However, pursuant to provisions of the TRO, the Commission has notified UBS Securities LLC that it has filed this application.

Finally, in the context of the Commission's original application, the circumstances which existed on July 25, 2008, that justified the entry of the TRO remain the same today. Therefore, it is both necessary and appropriate for the TRO to remain in effect for an additional ten days while the Commission continues its efforts to identify

Unknown Purchaser and confirm that he or they have received notice of the pending show cause hearing.

Accordingly, for the reasons set forth above and in the Plaintiff Securities and Exchange Commission's Memorandum in Support of Application for an *Ex Parte* Temporary Restraining Order Freezing Assets and Granting Other Relief, and for an Order to Show Cause Why a Preliminary Injunction Should Not be Issued, the Commission respectfully requests the Court extend the TRO for ten days, until August 15, 2008.

Dated:  Washington, D.C.
           August 1, 2008

                                                            Respectfully submitted,

Of Counsel:                                           s/Jeffery T. Infelise
    Antonia Chion                                  Jeffrey T. Infelise (DC 456998)
    Christopher Conte                           Richard E. Simpson (RS5859)
    Daniel Chaudoin                              100 F Street N.E.
    Mark J. Kreitman                             Washington, D.C.  20549-4030
    Noel A. Gittens                                202-551-4904
    Ivonia K. Slade                                 202-772- 9245 (FAX)
    E. Laurita Finch                                infelisej@sec.gov
    Kevin Guerrero                               simpsonr@sec.gov
    Ilana Z. Sultan

                                                            Attorneys for Plaintiff
                                                            Securities and Exchange Commission