UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SECURITIES AND EXCHANGE
COMMISSION,

           Plaintiff,

    v.

ONE OR MORE UNKNOWN PURCHASERS
OF CALL OPTIONS FOR THE COMMON
STOCK OF DRS TECHNOLOGIES, INC.
AND AMERICAN POWER CONVERSION
CORP.,

           Defendant.

---

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: AUG 1 8 2008

Civil Action No. 08-6609

### PRELIMINARY INJUNCTION FREEZING ASSETS AND GRANTING OTHER RELIEF AND ORDER TO SHOW CAUSE WHY THE ASSET FREEZE SHOULD NOT CONTINUE

This matter came to be heard on August 5, 2008, upon the Court's Temporary Restraining Order Freezing Assets and Granting Other Relief, issued on July 25, 2008. The July 25, 2008 Order provides:

(i)    An order temporarily freezing assets of Defendant(s), including those funds held in an account at UBS AG, known as UBSL A/C Exchange Traded Derivative Account # 452-6020300;

(ii)    requiring identification of Defendant(s);

(iii)    requiring repatriation of assets;

(iv)    preventing document alteration or destruction;

(v)    expediting discovery in this action; and

(vi)    providing for alternative service.

This Court, having considered the Commission's Complaint in this case, the Declarations of Kevin Guerrero, Ilana Sultan, and Alberto Arevalo, with supporting exhibits, the Commission's Memorandum in Support of Application for Ex Pare Temporary Restraining Order Freezing Assts and Granting Other Relief, and for an Order to Show Cause Why a Preliminary Injunction Should Not be Issued, the Commission's Memorandum in Support of Application for Extension of Temporary order Freezing ~~Assts~~ Assets PAC and Granting Other Relief, the Commission's Supplemental Memorandum in support of Issuance of Preliminary Injunctions and Granting Other Relief, and declarations and attachments thereto, makes the following findings:

1. This Court has jurisdiction over the subject matter of this action and over defendant(s).

2. Defendant(s) received notice of these proceedings by service in a manner authorized in the temporary restraining order issued on July 25, 2008, but failed to appear at the show cause hearing or to otherwise oppose issuance of the preliminary injunction despite having been provided notice.

3. The Commission has made a sufficient and proper showing in support of the relief granted herein, as required by Section 21(d) of the Securities Exchange Act of 1934 (15 U.S.C. § 78u(d)) by evidence establishing a *prima facie* case and a strong likelihood that the Commission will prevail at trial on the merits and that the defendant, directly or indirectly, has engaged in and, unless restrained and enjoined by order of this Court, will continue to engage in acts, practices, and courses of business constituting violations of Section 10(b) of the Securities Exchange Act of 1934 (15 U.S.C. § 78j(b)), and Rule 10b-5 (17 C.F.R. § 240.10b-5).

4. There is good cause to believe that, unless restrained and enjoined by order of this Court, defendants will dissipate, conceal, or transfer from the jurisdiction of this Court assets which could be subject to an order directing disgorgement or the payment of civil money penalties in this action.

5. There is good cause to believe that, unless restrained and enjoined by order of this Court, defendant may alter or destroy documents relevant to this action.

Now, therefore,

I.

**IT IS HEREBY ORDERED** that:

A. Defendants and their agents, servants, employees, attorneys-in-fact, and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise (including without limitation, UBS Securities LLC and UBS AG Zurich), and each of them, hold and retain within their control, and otherwise prevent any disposition, transfer, pledge, encumbrance, assignment, dissipation, concealment, or other disposal whatsoever of any of their funds or other assets or things of value presently held by them, under their control or over which they exercise actual or apparent investment or other authority, in whatever form such assets may presently exist including, but not limited to:

(1) Proceeds from the sale of 1,600 APCC call options purchased on September 21, 2006 through an omnibus account known as UBSL A/C Exchange Traded Derivative Account # 452-6020300 maintained by UBS AG of Zurich, Switzerland ("UBS Omnibus Account");

(2) Proceeds from the sale of 800 APCC call options purchased on September 22, 2006 through the UBS Omnibus Account;

(3) Proceeds from the sale of 350 APCC call options purchased on October 10, 2006 through the UBS Omnibus Account;

(4) Proceeds from the sale of 80 APCC call options purchased on October 20, 2006 through the UBS Omnibus Account;

(5) Proceeds from the sale of 550 DRS call options purchased on April 29, 2008 through the UBS Omnibus Account;

(6) Proceeds from the sale of 170 DRS call options purchased on May 5, 2008 through the UBS Omnibus Account;

(7) Proceeds from the sale of 170 DRS call options purchased on May 6, 2008 through the UBS Omnibus Account;

(8) Proceeds from the sale of 930 DRS call options purchased on May 7, 2008 through the UBS Omnibus Account;

B. That any financial or brokerage institution or other person or entity and holding any funds or other assets in the name of, for the benefit of, or under the control of defendants, their agents, servants, employees, attorneys-in-fact, and those persons in active concert or participation with them, and each of them, shall hold and retain within their control and prohibit the withdrawal, removal, transfer or other disposal of any such funds or other assets except as otherwise ordered by this Court. Necessary and reasonable living expenses will be granted to defendants upon good cause shown by application to the Court with notice to and an opportunity for the Commission to be heard;

## II.

**IT IS HEREBY FURTHER ORDERED** that, each defendant shall submit in writing to this Court and Plaintiff Commission within two (2) business days following service of this Order, the following identify information:

(A) all names by which each defendant is known, all business and residence addresses, postal box numbers, telephone numbers, and facsimile numbers, e-mail addresses and the nationality of defendant; and

(B) each account with any financial institution or brokerage firm maintained in defendant's name or held for defendant's direct or indirect beneficial interest from September 1, 2006 through the present, including, but not limited to, each account through which each defendant directed securities transactions since September 1, 2006, or in which proceeds from such transactions were held.

### III.

**IT IS HEREBY FURTHER ORDERED** that, within 72 hours of notice of the entry of this Order, each defendant shall repatriate all assets obtained from the activities described in the Commission's Complaint that are now located outside the territorial limits of the United States, and that each defendant direct the return of such assets to the Registry of the Court, pending conclusion of this matter.

### IV.

**IT IS HEREBY FURTHER ORDERED** that, defendants and his agents, servants, employees, attorneys-in-fact, and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, and each of them, are hereby restrained from destroying, mutilating, concealing, altering, or disposing of any document referring or relating in any manner to any transactions described in the Commission's complaint in this action. As used in this order, "document" means the original and all non-identical copies (whether non-identical because of handwritten notation or otherwise) of all written or graphic matter, however produced, and any other tangible record, or electronic data compilation capable of reproduction in tangible form, including,

without limitation, correspondence, memoranda, minutes, telephone records, e-mails, reports, studies, telexes, diaries, calendar entries, contracts, letters of agreement, and including any and all existing drafts of all documents.

## V.

**IT IS HEREBY FURTHER ORDERED** that,

    A.    Pursuant to Rule 4 of the Federal Rules of Civil Procedure, service of all pleadings and other papers, including the Summons, the Complaint, this Order and all documents filed in support thereof, and all other documents to be served in this action, may be made by serving such documents on any of the following agents of defendants: UBS Securities LLC, or UBS AG Zurich, Switzerland and any of their respective affiliates, successors in interest and assigns.

    B.    Pursuant to Rule 4 of the Federal Rules of Civil Procedure, service of all pleadings and other papers, including the Summons, the Complaint, this Order and all documents filed in support thereof, and all other documents to be served in this action, may be made personally, by facsimile, by overnight courier, or by mail upon each defendant, his attorney, his U.S. agents or his foreign agents identified in the prior subparagraph to the extent permitted by law, or by an alternative provision for service permitted by Rule 4 of the Federal Rules of Civil Procedure, or as this Court may direct by further order.

## VI.

**IT IS HEREBY FURTHER ORDERED** that, this Order shall be, and is, binding upon each defendant, and each of his agents, servants, employees, attorneys-in-fact, and those persons in active concert or participation with him who receive actual

notice of this Order by personal service, facsimile service, or service in accordance with Section V of this Order, or otherwise.

## VII.

**IT IS HEREBY FURTHER ORDERED** that, this preliminary injunction supersedes the temporary restraining order issued on July 25, 2008, and shall remain in effect until final judgment except as amended or withdrawn by further order of the Court.

Dated this __17th__ day of August, 2008.

SO ORDERED

_____
HON. PAUL A. CROTTY
UNITED STATES DISTRICT JUDGE